McGuane, J.
This matter is in the nature of a contract action, in which the plaintiff insurance company and insurer for the defendant seeks to recover the deductible amounts from the defendant for claims paid for (21) twenty-one entities on behalf of the defendant The entities suffered damage as the result of paint being sprayed on the entities’ vehicles while the defendant was spray painting a roller coaster at Riverside Park in Agawam, Massachusetts.
The policy coveringthe incident states that the amount and basis of the deductible is $250.00 per claim for all coverages.
The endorsement of the policy states, “the deductible amount applies to all damages sustained by one person or organization as a result of any one claim.” Further, the endorsement states “the deductible amount stated shall also apply towards investigation, adjustment and legal expenses incurred in the handling and investigation of each claim, whether or not payment is made to claimant, compromise settlement is reached or claim denied.”
The plaintiff contends that the deductible amount of $250.00 applies separately to each entity paid by it on behalf of the defendant insured, regardless of the fact the damage resulted from a single incident.
The defendant contends that only one $250.00 deductible amount should apply as a result of there being a single incident.
On a motion for Summary Judgment brought by the plaintiff, the Trial Court ruled in favor of the plaintiff to the extent of $250.00 plus interest and costs.
The Trial Court further found that the incident was a single incident and that the individual car owners had common questions of fact and law and that only one deductible should apply.
The plaintiff, claiming to be aggrieved by the finding of Summary Judgment, states *66 that only one deductible applies to all twenty-one entities.
We agree with the Trial Judge and find no error prejudicial or otherwise.
The Trial Judge based his decision on Slater v. U.S. Fidelity and Guaranty Company, 379 Mass. 801, 400 N.E.2d 1256 (1980).
“The language in insurance policies must be given its ordinary meaning and construed in sense that the insured could reasonably understand to be the scope of his coverage.”
Based on the language of Slater, it would appear that the event here was a single occurrence and only one deductible should apply. The policy and the endorsement must be read together, Adamaitis v. Metropolitan Life Ins. Co., 295 Mass. 215, 3 N.E.2d 833 (1936).
If there is one, uninterrupted proximate cause which results almost immediately in more than one impact or event, the Courts generally find there is one accident or occurrence.
Itwould be mostunfair to find that the very coverage bargained for by the defendant is being eliminated by the endorsement by reading each one, or each claim, is subject to the deductible.
Based on all of the above, the finding of the Trial Justice is affirmed and the Report is dismissed.